IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DUSTIN LEE KEDDY, #2131479 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv502 |
| UTMB, ET AL. | § | |

ORDER

Plaintiff Dustin Lee Keddy, a prisoner currently confined at the East Texas Treatment Facility ("ETTF"), proceeding *pro se*, filed the above-styled and numbered civil lawsuit. The complaint was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation concluding that Mr. Keddy's motion for a preliminary injunction (Dkt. #4) should be denied. (Dkt. #11). Mr. Keddy has filed objections. (Dkt. #18).

Mr. Keddy's motion is governed by Rule 65 of the Federal Rules of Civil Procedure. A temporary restraining order and/or preliminary injunction is typically granted, pending trial on the merits, to prevent irreparable injury that may result before a dispositive trial. *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir. 1985). The measures are designed to protect, for example, the *status quo* of the parties or the evidence the movant will need to use at trial to litigate his claims. To grant or deny a preliminary injunction is within the discretion of the trial court. *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

The prerequisites for a preliminary injunction and/or temporary restraining order are: (1) substantial likelihood that the moving party will prevail on the merits of the underlying suit, (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted,

(3) that the threatened injury to the movant outweighs the threatened harm the injunction may do to the nonmovant, and (4) that granting the preliminary injunction and/or temporary restraining order will not disserve the public interest. *Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984). Since a preliminary injunction and/or temporary restraining order is such an extraordinary, and perhaps drastic remedy, one is not granted unless the movant clearly carries the onerous burden of persuasion as to all the elements. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983). Given the nature of the public interest at stake, the balance of equities favors the exercise of restraint in granting requests for injunctive relief requiring judicial intervention in matters of prison administration. *See Godinez v. Lane*, 735 F.2d 1250, 1261-62 (7th Cir. 1984).

In his objections, Mr. Keddy contends that he will prevail on the merits of his claims. Mr. Keddy asserts that because a free-world medical specialist directed him to have injections of testosterone cypionate every two weeks that demonstrates that he has a serious medical need. He states that the Defendants substituted his bi-weekly injections with a pill. Mr. Keddy contends that the substitution of the pill for the injections is medical malpractice. Although a medical specialist may have directed Mr. Keddy to receive injections for his hypogonadism, this fact alone is not sufficient to demonstrate that the Defendants were deliberately indifferent to a serious medical need.

Deliberate indifference is an extremely high standard to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). In the medical care context, "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). It is indisputable that an

incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Mr. Keddy's disagreement with the ETTF medical providers' treatment of his condition with a pill rather than an injection does not give rise to a claim for deliberate indifference. Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* Based on the current jurisprudence, Mr. Keddy fails to clearly demonstrate that he will prevail on the merits of his claims.

Secondly, he did not clearly demonstrate that there is a substantial threat that he will suffer an irreparable injury if the injunction is not granted. Mr. Keddy asserts for the first time that without the testosterone cypionate injections that he will suffer a disorder, recognized by the American Psychiatric Association, "referred to as "Transsexualism," but with only clinically significant distress or impairment of functioning." Issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *Cupit v. Whitely*, 28 F.3d 532, 535 n.5 (5th Cir. 1994).

The third and fourth elements of a preliminary injunction require Mr. Keddy to clearly show that the threatened injury outweighs the harm of an injunction to the nonmovant and that granting the preliminary injunction will not disserve the public interest. This requires a balancing of harms to the parties, which involves: (1) an evaluation of the severity of the impact on the defendant should the temporary injunction be granted and (2) the hardship that would occur to the plaintiff if the injunction should be denied. In addition, the Court must consider whether an injunction would injure the public interest. Unless a plaintiff can show some likelihood of ultimate

success, there is no need to weigh relative hardships, which a preliminary injunction or the lack of one might cause the parties. *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 180 (5th Cir. 1975). Mr. Keddy fails to clearly carry the burden of persuasion as to likelihood of ultimate success at this juncture; thus, this Court is not required to weigh the relative hardships.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Keddy, the Court finds that the findings and conclusions of the Magistrate Judge are correct and that Mr. Keddy's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the Report and Recommendation (Dkt. #11) is **ADOPTED**. It is further

**ORDERED** that the Plaintiff's motion for preliminary injunction (Dkt. #4) is **DENIED**.

**So Ordered and Signed**
**Dec 1, 2017**

_____
Ron Clark, United States District Judge