IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DUSTIN LEE KEDDY, #2131479 | § | |
| VS. | § | CIVIL ACTION NO. 6:17cv502 |
| UTMB, ET AL. | § | |

ORDER

Plaintiff Dustin Lee Keddy, a prisoner currently confined at the East Texas Treatment Facility ("ETTF"), proceeding *pro se*, filed the above-styled and numbered civil lawsuit. The complaint was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation concluding that Mr. Keddy's motion for a protective order (Dkt. #21), construed as a preliminary injunction, should be denied. (Dkt. #24). Mr. Keddy has filed objections. (Dkt. #28).

Mr. Keddy states he is seeking a protective order to prevent Warden Elisabeth Tyson and Warden J. Rupert from retaliating and from making any and all disciplinary decisions during the next five months without Warden G. Shirly present. Mr. Keddy's motion is governed by Rule 65 of the Federal Rules of Civil Procedure. A temporary restraining order and/or preliminary injunction is typically granted, pending trial on the merits, to prevent irreparable injury that may result before a dispositive trial. *Shanks v. City of Dallas, Texas*, 752 F.2d 1092, 1096 (5th Cir. 1985). The measures are designed to protect, for example, the *status quo* of the parties or the evidence the movant will need to use at trial to litigate his claims. To grant or deny a preliminary

1

injunction is within the discretion of the trial court. *Apple Barrel Productions, Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).

The prerequisites for a preliminary injunction and/or temporary restraining order are: (1) substantial likelihood that the moving party will prevail on the merits of the underlying suit, (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted, (3) that the threatened injury to the movant outweighs the threatened harm the injunction may do to the nonmovant, and (4) that granting the preliminary injunction and/or temporary restraining order will not disserve the public interest. *Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984). Since a preliminary injunction and/or temporary restraining order is such an extraordinary, and perhaps drastic remedy, one is not granted unless the movant clearly carries the onerous burden of persuasion as to all the elements. *United States v. Jefferson County*, 720 F.2d 1511, 1519 (5th Cir. 1983). Given the nature of the public interest at stake, the balance of equities favors the exercise of restraint in granting requests for injunctive relief requiring judicial intervention in matters of prison administration. *See Godinez v. Lane*, 735 F.2d 1250, 1261-62 (7th Cir. 1984).

In his objections, Mr. Keddy contends that he will prevail on the merits of his claims. Mr. Keddy asserts that he has been diagnosed with hypogonadism by four Texas Department of Criminal Justice doctors and Endocrinology at John Sealy Hospital. He states that he has been suffering without treatment since April 16, 2016. Although a medical specialist may have directed Mr. Keddy to receive injections for his hypogonadism, this fact alone is not sufficient to demonstrate that the Defendants were deliberately indifferent to a serious medical need.

Deliberate indifference is an extremely high standard to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). In the medical care context, "[u]nsuccessful

medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). It is indisputable that an incorrect diagnosis by medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.*

In his amended complaint, Mr. Keddy also asserts that Warden Elisabeth Tyson had him removed from the program and locked in segregation because he was filing complaints, filing grievances, and filed a lawsuit. These allegations are not sufficient to state a claim for retaliation.

A cognizable retaliation claim requires the violation of a constitutional right coupled with retaliatory animus. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995), cert. denied, 516 U.S. 1084 (1996). "To state a valid claim for retaliation under § 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). "Mere conclusionary allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim." *Id.* (citing *Woods v. Smith*, 60 F.3d at 1166). While direct evidence of motivation is preferable, a prisoner can also "allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)).

"The relevant showing in such cases must be more than the prisoner's 'personal belief that he is the victim of retaliation.'" *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997) (quoting

*Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995)). Moreover, the simple fact that the retaliatory action occurred in close temporal proximity to the constitutionally protected action will not establish the "but for" retaliatory animus element. *Reeves v. Wood*, 206 F. App'x 368, 369 (5th Cir. 2006) (not selected for publication) (citing *Smith*, 60 F.3d at 1166). To state a claim of retaliation, an inmate must be prepared to establish a retaliatory motive and causation. *Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003).

Based on the current jurisprudence, Mr. Keddy fails to clearly demonstrate that he will prevail on the merits of his claims.

Secondly, he did not clearly demonstrate that there is a substantial threat that he will suffer an irreparable injury if the injunction is not granted. In his motion for protective order, Mr. Keddy failed to set out the substantial threat that he will suffer an irreparable injury if his requested injunction is not granted. In his objections, Mr. Keddy asserts for the first time that if he is removed from the program by Defendants Tyson and Rupert, he will be returned to prison and locked up in segregation. Issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the District Court. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992); *Cupit v. Whitely*, 28 F.3d 532, 535 n.5 (5th Cir. 1994).

The third and fourth elements of a preliminary injunction require Mr. Keddy to clearly show that the threatened injury outweighs the harm of an injunction to the nonmovant and that granting the preliminary injunction will not disserve the public interest. This requires a balancing of harms to the parties, which involves: (1) an evaluation of the severity of the impact on the defendant should the temporary injunction be granted and (2) the hardship that would occur to the plaintiff if the injunction should be denied. In addition, the Court must consider whether an injunction would injure the public interest. Unless a plaintiff can show some likelihood of ultimate

success, there is no need to weigh relative hardships, which a preliminary injunction or the lack of one might cause the parties. *Texas v. Seatrain Int'l, S.A.*, 518 F.2d 175, 180 (5th Cir. 1975). Mr. Keddy fails to clearly carry the burden of persuasion as to likelihood of ultimate success at this juncture; thus, this Court is not required to weigh the relative hardships.

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Keddy, the Court finds that the findings and conclusions of the Magistrate Judge are correct and that Mr. Keddy's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the Report and Recommendation (Dkt. #24) is **ADOPTED**. It is further

**ORDERED** that the Plaintiff's motion for protective order (Dkt. #21), construed as a motion for preliminary injunction, is **DENIED**.

**So Ordered and Signed**
**Dec 19, 2017**

_____
Ron Clark, United States District Judge